# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MID-CONTINENT CASUALTY COMPANY,**

      **Plaintiff,**

**v.**                                     Case No:   6:17-cv-175-Orl-31GJK

**NEW SOUTH INDUSTRIES, INC., BLUE HERON BEACH RESORT DEVELOPER, LLC, MCMURRY CONSTRUCTION CO., INC. and THE BLUE HERON BEACH RESORT COMMUNITY ASSOCIATION, INC.,**

      **Defendants.**

## ORDER

This matter is before the Court on the Motion to Dismiss (Doc. 43) filed by the Defendant, McMurry Construction Co. Inc. ("McMurry"), and the Response in Opposition (Doc. 44) filed by the Plaintiff, Mid-Continent Casualty Company ("MCC").

According to the facts alleged in the Amended Complaint (Doc. 40), which are accepted as true for the purposes of this order, Blue Heron Beach Resort Developer, LLC ("the Developer"), was hired to develop a property known as Blue Heron Beach Resort Condominium, located in Orlando, Florida ("the Project"). (Doc. 40 ¶ 16.) The Developer hired McMurry as a general contractor for the project, and McMurry hired a number of subcontractors. (*Id.*) Among the subcontractors McMurry hired was New South Industries, Inc. ("New South"), which installed windows and sliding glass doors in Tower 1 of the Project. (*Id.*) The certificate of occupancy for Tower 1 was issued on June 21, 2006. (*Id.* ¶ 17.)

Several years after development was completed, Blue Heron Beach Resort Community Association, Inc. ("the Association"), brought suit against the Developer and McMurry, among others, in an effort to recover damages related to alleged construction defects that caused water intrusion and other damage to the Property ("the Underlying Action"). (*Id.* ¶ 18.) In turn, both McMurry and the Developer filed third-party complaints against New South. (*Id.* ¶¶ 19–21.)

As New South's insurer,[1] MCC is currently defending New South in the Underlying Action, subject to a complete reservation of rights. (*Id.* ¶ 22.) Both McMurray and the Developer sought MCC's defense and indemnification in the Underlying Action, but MCC refused, claiming neither is an additional insured under New South's insurance policies. (*Id.* ¶¶ 23–25.)

In the current action, MCC seeks a declaration that McMurry is not an additional insured under New South's insurance policies and, therefore, MCC owes McMurry no duty to defend or indemnify. McMurry has moved to dismiss MCC's Amended Complaint, arguing that MCC's duty to indemnify is not ripe for determination until the Underlying Action has been resolved. McMurry's motion will be denied for three reasons.

First, Florida courts have long held that a declaratory judgment action is appropriate when the duty to defend or indemnify turns on contract interpretation rather than factual circumstances. *See, e.g., Coumbia Cas. Co. v. Zimmerman*, 62 So. 2d 338 (Fla. 1952); *Smith v. Milwaukee Ins. Co.*, 197 So. 2d 548 (Fla. 4th DCA 1967). The question before the Court here is simply whether McMurry is an additional insured under the insurance policies issued by MCC to New South—a matter of simple contract interpretation.

---

[1] MCC issued two policies to New South: (1) policy number 04-GL-000739704, effective from August 20, 2008, to August 20, 2009; and (2) policy number 04-GL-000766-24, effective from August 20, 2009, to January 27, 2010. (*Id.* ¶ 10.)

Second, even if some finding of fact is necessary to determine whether a duty to indemnify exists, the Supreme Court of Florida has held that a declaratory judgment action is an appropriate vehicle to do so. *Higgins v. State Farm Fire and Casualty, Co.*, 894 So. 2d 5, 12 (Fla. 2004).

And third, allowing this claim to proceed is consistent with both the precedential application of the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the concerns of the *Higgins* court. Namely, a declaration of coverage will aid in the informed resolution and settlement of the case as well as clarify the legal relations at issue. *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330–31 (11th Cir. 2005); *Higgins*, 894 So. 2d at 16–18.

It is, therefore,

**ORDERED** that McMurry's Motion to Dismiss (Doc. 43) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 13, 2017.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party